WILSON, Circuit Judge,
concurring in judgment:
With respect to Wellons’s Eighth Amendment claim, I agree that the district court did not abuse its discretion in concluding that Wellons failed to show the likelihood of success on the merits required for injunctive relief. However, I write separately to highlight the disturbing circularity problem created by Georgia’s secrecy law regarding methods of execution in light of our circuit precedent.
We explained in Mann v. Palmer that “[ajfter Baze, an inmate who seeks a stay of execution must establish that the lethal injection protocol of his state creates a demonstrated risk of severe pain that is substantial when compared to the known alternatives.” 713 F.3d 1306, 1315 (11th Cir.2013) (emphasis added). Although Wellons insists that his is not a “method of execution” claim, in order to succeed under the Eighth Amendment, he must show that the manner in which Georgia intends to execute him generates “a substantial risk of serious harm or an objectively intolerable risk of harm.” Baze v. Rees, 553 U.S. 35, 51, 128 S.Ct. 1520, 1532, 170 L.Ed.2d 420 (2008) (internal quotation marks omitted). Possibly due to his lack of information about the compound pento-barbital that will be used and the expertise of the people who will administer his execution, Wellons has not shown such a risk. Indeed, how could he when the state has passed a law prohibiting him from learning *1268 about the compound it plans to use to execute him? Although Wellons has been given the 2012 Lethal Injection Protocol which indicates that pentobarbital will be used, he also knows that Defendants have not had any FDA-approved pentobarbital in their possession since March of 2013, and thus can only assume they will be using a substance that purports to be pen-tobarbital but has been manufactured from unknown ingredients and in unknown circumstances by a compounding pharmacy. Without additional information about the method of his execution, it seems nearly impossible for Wellons to make the argument that Defendants’ planned execution creates an “objectively intolerable risk of harm.” Id.
Similarly, while I agree that Wellons has not provided sufficient support for his general due process or First Amendment claim, I have serious concerns about the Defendants’ need to keep information relating to the.procurement and nature of lethal injection protocol concealed from him, the public, and this court, especially given the recent much publicized botched execution in Oklahoma. Unless judges have information about the specific nature of a method of execution, we cannot fulfill our constitutional role of determining whether a state’s method of execution violates the Eighth Amendment’s prohibition against cruel and unusual punishment before it becomes too late.